**FILED**
JAMES J. VILT JR,
CLERK
November 16, 2020

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              CRIMINAL NO. 3:20CR-100-R

BRAD LEE SCHUHMANN                                          DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Brad Lee Schuhmann, and his attorney, Patrick Renn, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violating 18 U.S.C. § 242.

2. Defendant has read the charge against him contained in the Indictment, and the charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the charge in the Indictment. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> All of Schuhmann's conduct occurred in Jefferson County, Kentucky. Jefferson County is in the Western District of Kentucky.
>
> From May 2002 until April 2009, Schuhmann participated in the Louisville Metro Police Department Explorer Program as an Explorer. In April 2009, he applied for an LMPD sworn officer position. Several people associated with the Explorer Program, including the director of the program and other advisors, wrote letters of recommendation for Schuhmann. LMPD hired Schuhmann as a police officer. Upon completion of the training academy, he was sworn in and took the oath of office on January 29, 2010.

Schuhmann remained involved in the Explorer Program during his training period and took on a more formal advisor role after being sworn in as a police officer with LMPD.

While working with the Explorer Program as an advisor, Schuhmann met Jane Doe, a minor participating in the program as an Explorer. The two communicated by cellular telephone, including texting. Schuhmann met Jane Doe outside of Explorer Program activities, including at her home and other locations in Louisville. During these meetings and communications, Schuhmann was in a position of authority or special trust, due to his role as an advisor with the Explorer Program. He came into contact with Jane Doe as a result of that position. When the two met at her home and other locations, Schuhmann subjected Jane Doe to sexual contact.

4. Defendant understands that the charge to which he will plead guilty is a misdemeanor under federal law. Consequently, a one-year statute of limitations applies. Defendant explicitly waives the one-year statute of limitations for purposes of entering into this plea agreement. The United States will not pursue any other charges, misdemeanor or felony, against defendant for his conduct with Jane Doe.

5. The charge to which defendant will plead guilty carries a maximum term of one year imprisonment, a maximum fine of $100,000.00, and not more than one year of Supervised Release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the United States District Court, can predict with certainty how his conviction may affect his

immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

7. The defendant agrees that under the Sex Offender Registration and Notification Act (34 U.S.C. §§ 20911 et seq.), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide to the appropriate official for inclusion in the sex offender registry the name of the sex offender (including any aliases used), Social Security Number of the sex offender, the addresses of any places at which the defendant resides or will reside, the name and address of any place where the sex offender is an employee or will be an employee, the name and address of any place where the sex offender is a student or will be a student, the license plate number and a description of any vehicle owned or operated by the sex offender, information related to travel outside the United States, and any other information required by the Attorney General. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

8. Defendant understands that if a term of Supervised Release is imposed, he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

9. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

10. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

11. Defendant acknowledges that the crime to which he is pleading guilty is covered by the discretionary restitution provisions set out in 18 U.S.C. § 3663. No requests for restitution have been filed at this point. Should request(s) be received, the matter will be shared with the Court and defense. The defendant further understands that he may be responsible for a fine,

costs of prosecution, costs of incarceration and supervision which may be required. All financial matters will be addressed at the time of sentencing.

12. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $25.00 to the United States District Court Clerk's Office by the date of sentencing.

13. At the time of sentencing, the United States will recommend

-a sentence at the lowest end of the applicable Guideline Range;

-a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

14. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| U.S.S.G. § 2H1.1(a)(4) | 6 |
| U.S.S.G. § 2H1.1(b)(1) | + 6 (color of law) |
| U.S.S.G. § 3E1.1(a) | - 2 (acceptance of responsibility) |
| | 10 |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3. The parties anticipate a Criminal History Category I.

    C.    The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

    15.    Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

    16.    Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Indictment Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing Indictment concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

20. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his

guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant reserves the right to argue for a variance under 18 U.S.C. § 3553(a).

22. This document and the Sealed Supplemental Plea Agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          11/13/2020
Jo E. Lawless                             Date
Assistant United States Attorney

8

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____      11/13/2020
Brad Lee Schuhmann                                        Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     11/13/2020
Patrick Renn                                               Date
Counsel for Defendant

RMC:JEL:201101